UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

<pre>
        CHAMBERS OF                              MARTIN LUTHER KING, JR.
      RONALD J. HEDGES                       FEDERAL BUILDING AND COURTHOUSE
UNITED STATES MAGISTRATE JUDGE                       50 WALNUT STREET
                                                     NEWARK, NJ 07101
                                                       973-645-3827
</pre>

June 15, 2005

**<u>LETTER-OPINION AND ORDER</u>**
**<u>ORIGINAL FILED WITH CLERK OF THE COURT</u>**

Leroy T. Moore
299658C/472359
Bayside State Prison
Box F-1
Leesburg, NJ 08327

Gary S. Spagnola, Esq.
Golden, Rothschild, Spagnola, Lundell,
Levitt & Boylan, P.C.
Suite 300
P.O. Box 6881
Bridgewater, NJ 08807-0881

      Re:   <u>Moore v. Carteret Police Dept., et al.</u>
              <u>Civil Action No. 04-CV-3313 (WJM)</u>

Dear Litigants:

**<u>INTRODUCTION</u>**

I have received plaintiff's correspondence dated April 12, May 5, and May 11, seeking to amend the Complaint and to impose sanctions against defendants counsel, Gary Spagnola. I have considered the papers submitted in support of and in opposition to the applications. There was no oral argument. Rule 78.

## BACKGROUND/ PROCEDURAL HISTORY

On March 26, 2002, plaintiff Leroy Moore ("Plaintiff") was arrested and charged with burglary, theft, and receiving stolen property. On June 18, 2002, the Middlesex County Grand Jury voted not to indict plaintiff. Plaintiff filed this civil rights Complaint on July 13, 2004, against the Carteret Police Department, Juan Rivera, Christopher Ely, and Raymond Novak ("Defendants"). On September 9, 2004, Judge Martini ordered defendants to answer plaintiff's malicious prosecution claim, dismissed plaintiff's false arrest claim without prejudice, and dismissed his remaining claims with prejudice. Plaintiff now seeks to amend the Complaint to add two additional defendants, Officer C. Pannullo and Sergeant Greg Denton, and allege claims for malicious prosecution, false arrest and a violation of his constitutional rights.

## DISCUSSION

Rule 15(a) provides:

> [a] party may amend the party's pleading once as a matter of
> course at any time before a responsive pleading is permitted and
> the action is one which has not been placed upon the trial calendar,
> the party may so amend it any time within 20 days after it is served.
> Otherwise a party may amend the party's pleading only by leave of
> court or by written consent of adverse party; and leave shall be
> freely given when justice so requires.

Leave to amend may be denied for four reasons: 1) undue delay; 2) bad faith or dilatory motive; 3) undue prejudice; 4) futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). The federal rules reflect the "principle that the purpose of pleading is to facilitate a proper decision on the merits," and that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits. Foman, 317 U.S. at 182. Courts should liberally permit amendments and the discretion to do so rests with the court.

See, e.g., Heyl & Paterson v. F.D. Rich Housing of Virgin Islands, 663 F.2d 419, 425 (3d Cir. 1981), cert. denied, 455 U.S. 1018 (1982); Elf Atochem North America, Inc. v. United States, 161 F.R.D. 300, 301 (E.D. Pa. 1995).

**Futility of Amendment**

Leave to amend may be denied when the proposed amendment would be futile. See Crawford v. West Jersey Health Systems, 847 F. Supp 1232, 1235 (D.N.J. 1994). An amendment will be considered futile if it "is frivolous or advances a claim that is legally insufficient on its face." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990). Futility of amendment is analyzed using the motion to dismiss standard. Massarky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir.), cert. denied, 464 U.S. 937 (1983). Courts look at the proposed amended complaint for factual support of the claims advanced and all allegations made by plaintiff are to be regarded as true. Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).

Defendants argue that "the two-year statute of limitations applicable to the plaintiff's claims of malicious prosecution, false arrest and violation of federally protected constitutional rights has lapsed thus barring the proposed amendment." They contend that plaintiff's cause of action for malicious prosecution and false arrest arose on June 18, 2002, when the Grand Jury voted a "no bill" and that plaintiff's case would be time-barred because the limitations period expired on July 3, 2004. (Defendants' Certification at ¶ 16). Judge Martini dismissed plaintiff's false arrest claims against defendants, stating that, "plaintiff's cause of action for false arrest accrued on March 26, 2002, the day of the alleged incident" and that "the instant complaint was not received by the Clerk of the Court within the two-years of the date the claims accrued."

(Opinion at 7, September 9, 2004)**.** Accordingly, plaintiff is not permitted to amend the Complaint to add new defendants for claims of false arrest.

The Complaint was dated July 3, 2004 and was received by the Court on July 13, 2004. For the purposes of a sua sponte review by Judge Martini, the claim was considered to be timely and the defendants were ordered to respond. A malicious prosecution claim does not accrue until a favorable termination is obtained. See Torres v. McLaughlin, 163 F.3d 169, 176 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 349-50 (3d Cir. 1989). Here, the case was closed by the prosecutor's office on or about July 3, 2002. The limitations period to be applied in a civil rights action is the applicable state limitations period for comparable tortious conduct. Wilson v. Garcia, 471 U.S. 261, 276 (1985); see Fitzgerald v. Larson, 769 F.2d 160 (3d Cir. 1985). In New Jersey, the statutory limitations period for actions to recover for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process is two years. N.J. Stat. Ann. § 2A:14-2. Plaintiff seeks to amend well after the initial Complaint was filed and after the lapse of the limitations period. Accordingly, I am persuaded that plaintiff's amendment would be futile.

**Sanctions**

Plaintiff's motion for sanctions appears to be based on an erroneous Certification submitted by Mr. Spagnola on March 15, 2005. I see no prejudice, delay or harm created by the Certification.

## **CONCLUSION**

For the reasons set forth above, both requests are **DENIED**.

**SO ORDERED.**

s/ Ronald J. Hedges
United States Magistrate Judge

Copy:   Judge Jose L. Linares
        File