# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
   **JUDGE**

## LETTER ORDER

October 14, 2005

Leroy T. Moore
299658C/472359
USYCP, Box 11401
Yardsville, NJ 08620
*Pro se*

Gary S. Spagnola, Esq.
Golden Rothschild Spagnola
 Lundell Levitt & Boylan
Suite 300, P.O. Box 6881
Bridgewater, NJ 08807-0881

      Re:    Leroy T. Moore v. Carteret Police Dep't, et al.
             Civil Action No. 04-3313 (WJM)

Dear Litigants:

      The Court is in receipt of plaintiff's appeal of Magistrate Judge Hedges' September 13, 2005 Order denying without prejudice plaintiff's motion to compel defendants to produce documents.

      Plaintiff argues on appeal that defendants should be compelled to turn over the documents requested and be sanctioned for violating the Court's orders. Essentially, this action has been stayed until May 25, 2006 because defendant Patrolman Juan Rivera is on active duty in Iraq as a member of the United States Army. (*See* 8/31/05 Order Extending Stay). Plaintiff filed his motion to compel seeking to obtain certain documents from the other two defendants in this case. Judge Hedges denied that motion without prejudice because the case is stayed. He specifically noted, however, that "[o]n expiration of the stay Spagnola [counsel for the two defendants] will produce all documents requested by plaintiff Moore." (9/13/05 Letter Order). In other words, Judge Hedges granted the motion to compel, but simply deferred production of the responsive documents until after the stay expires.

In light of the above, the Court finds that Judge Hedges did not abuse his discretion. *See Republic of Philippines v. Westinghouse Elec. Corp.*, 132 F.R.D. 384, 387 (D.N.J. 1990). This action has been stayed for good cause. It will require defendant Rivera's participation in order to be resolved efficiently and expeditiously. It makes little sense at this stage to permit the parties to conduct further discovery, which may largely need to be redone once defendant Rivera returns. Further, plaintiff will receive the documents responsive to his documents request, just not at this moment. Consequently, Judge Hedges' September 13, 2005 Order is affirmed.

Moreover, because the September 13, 2005 Order requires defendants to produce responsive documents after the expiration of the stay, i.e., after May 25, 2006, defendants have not violated the Court's orders by not producing documents at this time. Accordingly, plaintiff is not entitled to sanctions.

In summary, plaintiff's appeal is denied.

SO ORDERED.

s/ William J. Martini
**William J. Martini, U.S.D.J.**

cc:   The Hon. Ronald J. Hedges, U.S.M.J.