**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LEROY T. MOORE,<br>Plaintiff,<br>v.<br>CARTERET POLICE DEPT., et al.<br>Defendants. | Civil Action No. 04-3313 (SRC)<br>**OPINION** |

**CHESLER, District Judge**

**THIS MATTER** comes before the Court on cross motions for summary judgment by Plaintiff Leroy T. Moore [docket # 106] and by Defendants the Carteret Police Department, Officer Juan Rivera and Sergeant Raymond Novak [docket # 113, 116]. Pursuant to Federal Rule of Civil Procedure 78, the Court adjudicates these motions based on the papers submitted. For the reasons expressed below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendants' cross motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pro se Plaintiff Leroy T. Moore ("Moore") is a twenty-nine-year-old male currently serving out an eight-year prison term for possession of a controlled substance with intent to distribute on or near a public park in violation of N.J. STAT. ANN. §§ 2C:35-5a, 35-7.1. He was arrested for that offense on May 17, 2002. This lawsuit stems out of a previous arrest on March

26, 2002. On that day, at approximately 1:30 a.m., Officer Juan Rivera of the Carteret Police Depart was despatched to the Sacred Heart Church parking lot following a disturbance call. When Officer Rivera arrived he spoke with Christine Bowers, who told him that Rasheim Reed ("Reed"), Terrence Blaine ("Blaine") and Moore had broken into an apartment across the street from the parking lot where her son, Jyrel Bowers, lived. Christine Bowers told Officer Rivera that Reed, Blaine and Moore had stolen a DVD player and a Playstation video game system, along with several video games and DVDs. Officer Rivera then observed Reed and Blaine standing nearby. Additional officers arrived on the scene and detained Reed and Blaine.

Jyrel Bower's sister, Tara Bowers, approached Officer Rivera and told him that she had confronted Reed and Blaine while they were in her brother's apartment. Tara Bowers informed Officer Rivera that she had asked Reed and Blaine if anyone else was with them and they had responded that Moore was also present. Officer Rivera placed Reed and Blaine under arrest for burglary and theft. Officer Rivera conducted a search of Reed and Blaine, and of their vehicle, a beige Oldsmobile. The search revealed several DVDs, CDs, a DVD player and a Playstation controller. After taking Reed and Blaine into custody, Officer Rivera went to inspect Jyrel Bower's apartment. The apartment was empty. However, Officer Rivera noticed an open window in the living room with fresh pry marks on the door frame and lock.

Officer Rivera then sought and obtained a Warrant-Complaint from the Honorable Allen P. Comba authorizing him to arrest Moore for burglary, theft and receiving stolen property. The warrant indicates that the statements made to Officer Rivera by Christine and Tara Bowers constituted probable cause for its issuance. Later that day Tara Bowers called the Carteret Police Department to advise them that she had seen Moore enter an apartment on Bergen Street. Moore

was also observed entering the apartment wearing a black, puffy jacket by Detective Carmine Pannullo. Several police officers arrived and surrounded the apartment. After an initial standoff, Moore exited the apartment and gave himself up to the police. He was arrested by Sergeant Novak. At that point Detective Punnullo observed that Moore was wearing a different jacket.

Shortly thereafter, the apartment's tenant, Keyonna Blaine, returned to her apartment. The police advised her that Moore had been arrested shortly after entering her apartment. Ms. Blaine consent to a search of her apartment. During the search the detectives found a black puffy jacket which Ms. Blaine identified as belonging to Moore. The jacket contained three Ziploc bags marked with red hearts and containing a white, powdery substance that the police suspected to be cocaine. On this evidence a second Warrant-Complaint was issued against Moore for possession of a controlled dangerous substance. The second warrant indicates that the probable cause for the charge was the observation of Detective Pannullo of a controlled dangerous substance in Moore's jacket. However, subsequent lab test from the New Jersey State Police laboratory were negative for a controlled dangerous substance.

On June 18, 2002, the Middlesex County Grand Jury returned indictments against Reed and Blaine for conspiracy, burglary, theft, and receiving stolen property. However, the grand jury voted no-bill against Moore. The second complaint against Moore for possession of a controlled dangerous substance was later downgraded to a charge for failure to make lawful disposition of a controlled dangerous substance. Moore was found not guilty of that charge by the Borough of Carteret Municipal Court on January 14, 2004.

On July 7, 2004, the United States District Court for the District of New Jersey received a Complaint from Moore. The Honorable William J. Martini reviewed the Complaint pursuant to

28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether Moore stated cognizable claims or whether the complaint should be dismissed as frivolous [docket # 4]. Judge Martini found that Moore's Complaint consisted of claims for false arrest, malicious prosecution, excessive bail in violation of the Eighth Amendment, and deprivation of property under the Fourteenth Amendment. Judge Martini determined that Moore could proceed with a claim for malicious prosecution under 28 U.S.C. § 1983 and the New Jersey Tort Claims Act, N. J. STAT. ANN. §§ 59:1-1 to 59:8-9. The other claims were dismissed. Both Moore and Defendants have now moved for summary judgment on the remaining malicious prosecution claim.

## II. STANDARD FOR SUMMARY JUDGMENT

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996). In deciding whether there is a disputed issue of material fact, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Penn. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

## III. DISCUSSION

In order to demonstrate malicious prosecution arising out of a criminal prosecution, the plaintiff must prove: (1) that the criminal action was instituted by the defendant against the

plaintiff; (2) that it was actuated by malice; (3) that there was an absence of probable cause for the proceeding; and (4) that it was terminated favorably to the plaintiff. Helmy v. City of Jersey City, 178 N.J. 183, 190 (2003). See also Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).[1]

The existence of probable cause is an absolute defense to a malicious prosecution claim. Wildoner v. Borough of Ramsey, 162 N.J. 375, 389 (2000). In this case, Moore's claims fail because there was probable cause to suspect that he had committed the crimes with which he was charged. See Estate of Smith, 318 F.3d at 514 ("[A] district court may conclude 'that probable cause did exist as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding,' and may enter summary judgment accordingly." (quoting Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir. 1997))).

"Probable cause is a suspicion or belief that is well-grounded in facts." Schneider v. Simonini, 163 N.J. 336, 362 (2000). It "requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995); Estate of Smith, 318 F.3d at 514 ("Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an

[1] The Third Circuit has noted that the Supreme Court's decision in Albright v. Oliver, 510 U.S. 266, (1994) "'casts doubt' on prior circuit precedent adopting common law malicious prosecution as the test in a § 1983 action." Merkle v. Upper Dublin School Dist., 211 F.3d 782, 792 (3d Cir. 2000) (citing Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir.1998)). However, because the existence of probable cause remains a "threshold question" in imposing liability under § 1983 for malicious prosecution claims, Merkle, 211 F.3d at 792, Moore's claims will fail under any test.

offense has been or is being committed by the person to be arrested." (quoting Orsatti, 71 F.3d at 482)). According to the Supreme Court, "probable cause is a fluid concept--turning on the assessment of probabilities in particular factual contexts." Illinois v. Gates, 462 U.S. 213, 232 (1983). The relevant inquiry must be directed to "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Id. (quoting Brinegar v. United States, 338 U.S. 160, 175 (1949)).

Officer Rivera was advised by Tara and Christine Bowers that three men--Reed, Blaine and Moore--had broken into Jyrel Bowers's apartment. When two of them--Reed and Blaine--were later found with the stolen goods described by Christine Bowers it was eminently reasonable to believe that the third suspect--Moore--was also complicit. Likewise, Moore came outside of Ms. Blaine's apartment in a different jacket than the one he had been seen wearing at the time he entered the apartment. The jacket that Moore had been seen wearing contained bags holding a white, powdery substance, and it appeared to the officers that the substance was cocaine. It was, therefore, reasonable to believe that Moore was in possession of a controlled dangerous substance. The Court agrees with Judge Comba that these circumstances constituted probable cause to commence criminal proceedings against Moore.

Moore has presented no evidence to the Court contesting these facts. He argues that Sergeant Novak perjured himself at the grand jury but the evidence flatly contradicts that assertion. In fact, Sergeant Novak gave testimony that tended to exonerate Moore. For instance, he testified that no stolen items were found in Moore's possession and that the lab results were negative for a controlled dangerous substance. But the subsequent lab results are of no moment here. Police officers lack the power to alter or dismiss charges against a criminal defendant. See

State v. Prickett, 240 N.J. Super. 139, 145 (App. Div. 1990) (municipal prosecutor has authority to request dismissal of charges and cannot shift prosecutorial responsibilities to others). The sole question that the Court must address is whether or not the police had probable cause to arrest and charge Moore, which they assuredly did.[2] Accordingly, Moore's claim for malicious prosecution under § 1983 must fail because Defendants acted with probable cause.

Defendants are also entitled to summary judgment to the extent that Moore is asserting a common law claim for malicious prosecution under the New Jersey Tort Claims Act. Probable cause is an absolute defense to a malicious prosecution claim brought either under § 1983 or pursuant to New Jersey law. Wildoner, 162 N.J. at 389. As discussed above, Defendants had probable cause to bring charges against Moore and commence criminal proceedings against him.

## IV. CONCLUSION

For the forgoing reasons, Plaintiff's motion for summary judgment is **DENIED**, Defendants' motion for summary judgment is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

DATE: May 3, 2007

[2] Moore's allegations against Defendants might fit better into the framework of a claim for false arrest. That claim, however, is unavailable to Moore because it was dismissed as time-barred by Judge Martini in his §§ 1915(e)(2) and 1915A opinion.